## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD MCGILL<br>1904 Greenwood Drive<br>Lindenwald, NJ 08021,<br>　　　　*Plaintiff,*<br>　　　v.<br><br>POLICE OFFICER THOMAS LICIARDELLO # 4383<br>PHILADELPHIA POLICE DEPARTMENT<br>*individually and in his official capacity*<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>　　　and<br>POLICE OFFICER JOHN SPEISER # 7169<br>PHILADELPHIA POLICE DEPARTMENT<br>*individually and in his official capacity*<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>　　　and<br>POLICE OFFICER BRIAN REYNOLDS # 4268<br>PHILADELPHIA POLICE DEPARTMENT<br>*individually and in his official capacity*<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>　　　and<br>SERGEANT JOSEPH MCCLOSKEY # 331<br>PHILADELPHIA POLICE DEPARTMENT<br>*individually and in his official capacity*<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>　　　and<br>POLICE OFFICER ROBERT OTTO # 413<br>PHILADELPHIA POLICE DEPARTMENT<br>*individually and in his official capacity*<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102,<br>　　　　*Defendants.* | : JURY TRIAL DEMANDED<br>:<br>: CIVIL ACTION NO.<br>: |

## **COMPLAINT**

**INTRODUCTORY STATEMENT**

1. This is an action for compensatory and punitive damages sustained by a citizen of the United States against members of the Philadelphia Police Department who falsely detained him, falsely arrested him, filed false charges against him in an attempt to cover up the officers' own wrong doing, and falsely imprisoned him.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ l983 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1), (3) and (4) and the aforementioned statutory and Constitutional provisions. Plaintiff, Edward McGill further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law as they arise out of a common nucleus of operative facts. Venue is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3. Plaintiff, Edward McGill is an adult individual who resides at 1904 Greenwood Drive, Lindenwald, NJ, 08021, State of New Jersey.

4. Defendant, Police Officer Thomas Liciardello, Badge Number 4383, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. Upon information and belief, at all times relevant hereto, he was an officer with the 26th District, Philadelphia Police Department. Defendant, Police Officer Thomas Liciardello is being sued in both his individual and official capacity.

5. Defendant, Police Officer John Speiser, Badge Number 7169, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department,

an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. Upon information and belief, at all times relevant hereto, he was an officer with the 26th District, Philadelphia Police Department. Defendant, Police Officer John Speiser is being sued in both his individual and official capacity.

6. Defendant, Police Officer Brian Reynolds, Badge Number 4268, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. Upon information and belief, at all times relevant hereto, he was an officer with the 26th District, Philadelphia Police Department. Defendant, Police Officer Brian Reynolds is being sued in both his individual and official capacity.

7. Defendant, Sergeant Joseph McCloskey, Badge Number 331, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. Upon information and belief, at all times relevant hereto, he was an officer with the 26th District, Philadelphia Police Department. Defendant, Sergeant Joseph McCloskey is being sued in both his individual and official capacity.

8. Defendant, Police Officer Robert Otto, Badge Number 413, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. Upon information and belief, at all times relevant hereto, he was an officer with the 26th District, Philadelphia Police Department. Defendant, Police Officer Robert Otto is being sued in both his individual and official capacity.

9. At all times relevant hereto, defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, whose identities are not immediately known to plaintiff, Edward McGill, were acting in the course and scope of their employment and under color of state law and authority.

## FACTS

10. On or about October 5, 2010 at approximately 5:00 p.m., plaintiff, Edward McGill was lawfully present in the area of 2348 N. Reese Street in Philadelphia, Pennsylvania.

11. Plaintiff, Edward McGill was visiting with family and the family's friends when he was approached by defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto wherein they detained him, arrested him, and caused criminal charges to be filed against him.

12. In fact, notwithstanding that there was no reasonable suspicion and/or probable cause to place plaintiff, Edward McGill under arrest, defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto detained him, imprisoned him, arrested him and charged him and/or made certain he was charged with Possession with Intent to Deliver, Knowing and Intentional Possession of Controlled Substance, Possession of Drug Paraphernalia, and Criminal Conspiracy.

13. The aforesaid charges were based upon the filing of a fraudulent police report by defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto.

14. At no time relevant hereto did plaintiff, Edward McGill violate any laws or engage in any criminal behavior to justify the unlawful detention, false arrest, false imprisonment, and malicious prosecution that he received at the hands of defendants, defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto.

15. In fact, all of the evidence at the scene of plaintiff, Edward McGill's arrest and the circumstances leading up to and follow it, show that he was not involved in any illicit activity.

16. At no time relevant hereto could or did defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto reasonably believe that their conduct toward plaintiff, Edward McGill was lawful, privileged, or otherwise permissible under the laws or Constitutions of the United States and the Commonwealth of Pennsylvania, or that the laws regarding the rights of citizens such as plaintiff was in any way unsettled.

17. The actions and/or inaction of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto towards plaintiff, Edward McGill were committed deliberately, intentionally, maliciously, outrageously, willfully, wantonly, and constitute conduct so egregious as to shock the conscience.

18. Defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto engaged in the aforesaid conduct for the purpose of violating plaintiff, Edward McGill's constitutional rights by subjecting him to be falsely and unlawfully detained, arrested, charged, imprisoned, and prosecuted.

19. The actions and omissions of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph

McCloskey and Police Officer Robert Otto deprived plaintiff, Edward McGill of his precious rights, privileges and immunities secured unto him by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

20. As a direct and proximate result of the defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto unwarranted, illegal and unconstitutional actions, plaintiff, Edward McGill was unlawfully incarcerated and falsely imprisoned for approximately eight (8) days.

21. As a direct and proximate result, plaintiff, Edward McGill was forced to incur legal costs and to appear in court on a number of occasions in connection with the defense of false and fraudulent criminal charges lodged against him.

22. As a further result of the aforesaid, plaintiff, Edward McGill was prevented from attending to his daily duties and occupation, to his great detriment and loss – he lost two days of work.

23. As a further result of the aforesaid, plaintiff, Edward McGill has suffered and will continue to suffer great mental anguish, physical pain, depression, nervousness, humiliation, personality change and a loss of natural enjoyment of life and life's pleasures.

24. The damages suffered by plaintiff, Edward McGill were the direct and proximate result of the conduct of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, jointly, severally, directly or vicariously.

## COUNT I
## PLAINTIFF, EDWARD MCGILL V. DEFENDANTS
## CIVIL RIGHTS VIOLATIONS

25. The allegations set forth in paragraphs 1 through 24, inclusive, are incorporated herein as though fully set forth.

26. As a direct and proximate result of the actions and omissions of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, plaintiff, Edward McGill was deprived of precious rights, privileges, and immunities secured unto him by the laws and Constitution of the United States.

27. Defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, together and/or with others, conspired to violate and/or did violate the constitutional rights of plaintiff, Edward McGill.

28. The aforesaid conduct of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto was committed alone, together, and in conspiracy with one another.

29. The actions of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto deprived plaintiff, Edward McGill of the equal protection of the laws and their rights, privileges and immunities under the laws and the Constitution of the United States, in particular, the Fourth, Fifth, and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983; his right to be secure in his person and property, his right to be free from the unlawful detention, to be free from unlawful seizure of his person and from false arrest, and to due process of law, all to his great detriment and loss.

30. By these actions, defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto deprived plaintiff, Edward McGill of the rights secured unto him by the Constitution of the United States, in particular, the Fourth, Fifth, Eighth and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983.

**WHEREFORE**, plaintiff, Edward McGill demands judgment against defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT II
## PLAINTIFF, EDWARD MCGILL V. DEFENDANTS
## NEGLIGENCE AND GROSS NEGLIGENCE

31. The allegations set forth in paragraphs 1 through 30, inclusive, are incorporated herein as through fully set forth.

32. The actions and omissions of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, as outlined above, constitute negligence and gross negligence under the laws of the Commonwealth of Pennsylvania.

33. As a direct and proximate result of the negligence of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, plaintiff, Edward McGill suffered the injuries stated above.

**WHEREFORE**, plaintiff, Edward McGill demands judgment against defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian

Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT III
## PLAINTIFF, EDWARD MCGILL V. DEFENDANTS
## MALICIOUS PROSECUTION AND
## MALICIOUS ABUSE OF PROCESS OF LAW

34. The allegations set forth in paragraphs 1 through 33, inclusive, are incorporated herein as through fully set forth.

35. Defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto wrongfully, unlawfully and maliciously prosecuted plaintiff, Edward McGill by issuing a complaint which charged him with false and fictitious crimes as stated above.

36. The actions of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, as alleged in the preceding paragraphs, were done purposefully with the intent of committing malicious prosecution and malicious abuse of process of law, or were done in reckless disregard of the probability of causing malicious prosecution and malicious abuse of process of law, and these actions did in fact result in malicious prosecution and malicious abuse of process of law, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, Edward McGill demands judgment against defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, jointly and

severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT IV
## PLAINTIFF, EDWARD MCGILL V. DEFENDANTS
## FALSE ARREST AND FALSE IMPRISONMENT

37. The allegations set forth in paragraphs 1 through 36, inclusive, are incorporated herein as through fully set forth.

38. Defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto arrested plaintiff, Edward McGill without probable cause, caused criminal proceedings to be commenced and continued against plaintiff with malice and without probable cause, as a result thereof plaintiff was falsely imprisoned.

39. Defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, caused criminal proceedings to be commenced and continued against plaintiff to accomplish a purpose for which criminal process was not designed.

40. As a direct and proximate result of the actions and omissions of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, plaintiff, Edward McGill was falsely arrested and falsely imprisoned.

41. The actions and omissions of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto were done purposefully with the intent of committing false arrest and false imprisonment and/or were done in reckless disregard of the probability of causing plaintiff to be falsely arrested and falsely imprisoned and these

actions did in faction result in false arrest and false imprisonment, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, Edward McGill demands judgment against defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT V
## PLAINTIFF, EDWARD MCGILL V. DEFENDANTS
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

42. The allegations set forth in paragraphs 1 through 41, inclusive, are incorporated herein as through fully set forth.

43. As a direct and proximate result of the negligence of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, as described above, plaintiff, Edward McGill has suffered substantial mental pain and suffering and severe emotional distress and injury.

**WHEREFORE**, plaintiff, Edward McGill demands judgment against defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT VI
## PLAINTIFF, EDWARD MCGILL V. DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. All the averments contained in paragraphs 1 through 43 of Plaintiff's Complaint are incorporated at length herein.

45. As a direct and proximate result of the negligence of defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, as described above, plaintiff, Edward McGill has suffered substantial mental pain and suffering and severe emotional distress and injury.

**WHEREFORE**, plaintiff, Edward McGill demands judgment against defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Brian Reynolds, Sergeant Joseph McCloskey and Police Officer Robert Otto, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**LAW OFFICES OF GUY R. SCIOLLA**

Dated: October 4, 2012

Holly C. Dobrosky, Esquire
Identification No. 65917
Attorney for Plaintiff, Edward McGill

## JURY TRIAL DEMAND

Plaintiff, Edward McGill demands a trial by jury as to each count.

**WHEREFORE**, plaintiff, Edward McGill requests the following relief, as to each cause, count and defendant:

- a) compensatory damages in excess of $250,000.00;
- b) punitive damages;
- c) reasonable attorneys fees and costs; and
- d) such further relief as the Court shall deem just and proper.

**LAW OFFICES OF GUY R. SCIOLLA**

Dated: October 4, 2012

Holly C. Dobrosky, Esquire
Identification No. 65917
Attorney for Plaintiff, Edward McGill
1910 Land Title Building
100 South Broad Street
Philadelphia, PA 19110
Telephone: 215-972-1544
Telecopier: 215-972-1545