IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD McGILL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| POLICE OFFICER | : | No. 12-5690 |
| THOMAS LICIARDELLO | : | *and related cases* |
| (individually and in his | : | |
| official capacity), et al. | : | |

FILED
AUG 0 9 ...
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## STIPULATION OF CONFIDENTIALITY

THIS MATTER being brought before the Court under the consent of counsel for a Confidentiality Order regarding the production of certain materials, as defined in herein, during the course of pretrial proceedings,

ON THIS 9th DAY OF August, 2013, IT IS HEREBY ORDERED THAT:

1. PURPOSE: The purpose of this Stipulation of Confidentiality is to assure the free flow of information between counsel and the parties during discovery to ascertain facts while avoiding delay and unnecessary motion practice.

2. CONFIDENTIAL INFORMATION: "Confidential Information," as used herein, means information exchanged between the parties from:
    a. Personnel files of the individual defendant officers;
    b. Internal Affairs files of the individual defendant officers; and
    c. The personal financial and medical records of individual defendant officers or their immediate family members

3. QUALIFIED PERSONS: "Qualified Persons," as used herein, means:
    a. Attorneys actively involved in the preparation for trial, trial, or settlement of these cases, including members of such attorneys' staff.
    b. Any independent or in-house expert who is assisting attorneys in connection with this action.

4. AVAILABILITY OF CONFIDENTIAL INFORMATION TO QUALIFIED PERSONS: Any information designated "Confidential Information" shall be made available only to qualified persons. Except as otherwise permitted by the terms of this Stipulation, or by further order of this Court, qualified persons shall maintain confidential information in confidence, shall not reveal confidential information to anyone other than qualified persons, and shall not use confidential information, except in connection with the trial or preparation for the trial of this action.

5. USE OF CONFIDENTIAL INFORMATION AT DEPOSITIONS OR IN PLEADINGS AND MOTIONS: Nothing contained herein shall preclude any party to this action from utilizing confidential information in examining deponents called in this case or in motions, whether dispositive or not.

6. FILINGS WITH THE COURT: Any party filing with this Court a document either attaching or reciting CONFIDENTIAL INFORMATION produced during discovery shall file two (2) copies: one redacting any CONFIDENTIAL INFORMATION, and an unredacted version filed under seal.

7. EXCEPTIONS: Materials defined herein as "Confidential Information" shall no longer be considered as such:
    a. To the extent that said information is already available by law or executive order;
    b. To the extent that it is subsequently determined that said information is available under a freedom of information law.

8. DISPOSITION OF CONFIDENTIAL INFORMATION AT CONCLUSION OF TRIAL: Within sixty (60) days after a Party's case is terminated (including all appeals), such Party shall return to the designating Party or shall destroy, at the option of counsel in possession of such copies, all documents, objects, and other materials produced as or designated as CONFIDENTIAL INFORMATION, including extracts or summaries thereof, and all reproductions thereof, including but not limited to those given to experts and inside counsel. If the materials are destroyed, counsel responsible for the destruction shall within ten (10) calendar days of such destruction certify to counsel for the designating Party that

destruction has taken place.

   a. Notwithstanding the foregoing, outside counsel for each Party may retain:

      i. One (1) copy or sample of all material designated CONFIDENTIAL INFORMATION for reference in the event of disputes over the use or disclosure of such material;

      ii. Documents, things, copies, and samples to the extent they include or reflect receiving attorney's work product; and

      iii. Pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits, and the trial record.

9. INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION: Should any QUALIFIED PERSON or party inadvertently disclose any CONFIDENTIAL INFORMATION, such disclosure shall not be considered a waiver of the protections contained in this stipulation of confidentiality so long as the QUALIFIED PERSON making the disclosure complies with F.R.E. 502(b).

10. This Court may revisit this order at any time on motion of the parties or *sua sponte*.

BY THE COURT:

_____
Diamond, J.

I hereby consent to the entry and form of the above Joint Stipulation of Confidentiality:

| /s/ | /s/ | /s/ |
|---|---|---|
| Lloyd Long, III, Esq. | Armando Brigandi, Esq. | Jeffrey M. Kolansky, Esq. |
| Designated Lead | Counsel for the | Counsel for the Individual |
| Plaintiffs' Counsel | City of Philadelphia | Defendant Officers |